Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Appellant,

v.

TRANS WORLD AIRLINES, INC., Appellee.

No. 83–1661.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1983.

Decided Feb. 2, 1984.

Francis X. Lilly, Deputy Sol. of Labor, Karen I. Ward, Associate Sol. for Sp. Appellate and Supreme Court Litigation, Tedrick A. Housh, Regional Sol., Mary-Helen Mautner, Counsel for Appellate Litigation, Sandra D. Lord, Atty., U.S. Dept. of Labor, Washington, D.C., for appellant.

Stephen P. Dees and Dick H. Woods, Stinson, Mag & Fizzell, Kansas City, Mo., for appellee.

Before McMILLIAN, JOHN R. GIBSON and BOWMAN, Circuit Judges.

PER CURIAM.

The Secretary of Labor appeals from a final judgment entered in the District Court[1] for the Western District of Missouri ruling that flight attendant trainees who had trained at Trans World Airlines, Inc.'s (TWA) Breech Training Academy were not "employees" for the purposes of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA), during the first four weeks of training and, consequently, were not covered by the minimum wage and reporting provisions of the FLSA. We affirm.

For many years TWA, a major commercial air carrier, chose to train all TWA flight attendants at its Breech Training Academy (Academy) located in Overland Park, Kansas. Flight attendant positions were highly desirable and TWA received literally thousands of applications each year. In an effort to keep the cost of training flight attendants down, TWA tried to predict the number of flight attendant vacancies that would arise. Based on those determinations, TWA carefully selected its prospective trainees from a large group of applicants.

Although not officially required to do so, most flight attendant trainees resided in dormitory-like accommodations located on the Academy grounds. During the disputed four-week training period, the trainees neither received nor expected any wages or monetary compensation from TWA. However, TWA did provide meals, lodging, ground transportation, and health and accident insurance during the training periods.

Trainees attended approximately forty hours of classes per week. About one-half of the training was devoted to the safety and emergency instruction required by the Federal Aviation Administration. TWA also provided instruction in subjects such as aviation history, grooming, personal and public communications, physical fitness, foreign currencies, and food and liquor preparation. The district court found that although much of this instruction was geared to TWA passenger service and equipment, "much of that training could be utilized in service on other airlines and in other fields of endeavor." *Donovan v. Trans World Airlines, Inc.,* No. 77–0881, slip op. at 10 (W.D.Mo. Mar. 4, 1983) (footnote omitted).

At no time prior to completion of the training course were trainees permitted to work on regular commercial flights or to supplement the work of regular flight attendants. Although completion of the training course qualified trainees as flight attendants, TWA did not guarantee that all successful trainees would be hired upon graduation.

The district court concluded that TWA flight attendant trainees were not "employees" within the meaning of the relevant provisions of the FLSA because TWA received no immediate benefit from their efforts during training. *Id.* at 18. *See*

---

1. Upon written consent of the parties, this action was assigned to the Honorable Richard H. Ralston, United States Magistrate, for trial and decision pursuant to 28 U.S.C. § 636(c).

*Walling v. Portland Terminal Co.,* 330 U.S. 148, 153, 67 S.Ct. 639, 641, 91 L.Ed. 809 (1947). Whether or not an individual is an "employee" within the meaning of the FLSA is a legal determination rather than a factual one. *Donovan v. American Airlines, Inc.,* 686 F.2d 267, 270 n. 4 (5th Cir. 1982).

After careful examination of the record, we conclude that the district court's determination is correct. Accordingly, we affirm on the basis of the district court's analysis. See 8th Cir.R. 14.